IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ANGEL VASALLO,**

        **Petitioner,**

**v.**                                          **Civil Action No. 3:19-CV-81**
                                                                   **(GROH)**

**F. ENTZEL, Warden,**

        **Respondent.**

## **REPORT AND RECOMMENDATION**

### I.   INTRODUCTION

On May 21, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate housed at Hazelton FCI who is challenging the validity of his sentence imposed in the United States District Court for the Southern District of Florida.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] All CM/ECF references cited herein refer to civil case number 3:19-CV-81, unless otherwise noted.

1

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

On March 27, 2008, a grand jury indicted Petitioner and charged him with being a felon in possession of a firearm and ammunition, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. ECF No. 7.

On May 23, 2008, Petitioner entered a guilty plea pursuant to a written agreement. ECF No. 22. Petitioner was sentenced on July 31, 2008, to an aggregate term of 327 months of incarceration, consisting of 120 months as to Count 1, 60 months as to Count 2, and 147 months as to Count 3, to be served consecutively to one another. ECF Nos. 27, 28.

### B. Direct Appeal

A review of the docket and PACER shows that Petitioner did not appeal his conviction or sentence.

### C. Post-Conviction Relief: First Motion to Vacate Under 28 U.S.C. § 2255[3]

On March 28, 2011, Petitioner filed a motion for habeas relief under 28 U.S.C. § 2255, which was assigned a separate case number, 1:11-CV-21053. ECF No. 1. On September 12, 2011, a Report and Recommendation was filed which recommended dismissing the motion to vacate as time-barred. ECF No. 13. The district court adopted the Report and Recommendation on October 4, 2011. ECF

---

[2] All CM/ECF references in facts section II.A refer to entries in the docket of Criminal Action No. 1:08-CR-20251, in the Southern District of Florida.

[3] All CM/ECF references in facts section II.C refer to entries in the docket of Civil Action No. 1:11-CV-21053, in the Southern District of Florida.

No. 15.

Petitioner then filed a motion which claimed to be a "petition to correct a clear error of law" on November 12, 2013. ECF No. 17. On April 21, 2014,[4] the district court directed the clerk to open a new civil action pursuant to 28 U.S.C. § 2255 based on the motion. ECF No. 20.

### D. Post-Conviction Relief: Second Motion to Vacate Under 28 U.S.C. § 2255[5]

On April 23, 2014, as directed by the district court, the clerk used the petition to correct a clear error of law filed in 1:11-CV-21053, to open case number 1:14-CV-21453. ECF No. 1. A Report and Recommendation was filed on May 6, 2014, which found that the petition was "effectively a successive Motion to Vacate pursuant to 28 U.S.C. § 2255." ECF No. 6 at 2 – 3. Further, the Report and Recommendation found that Petitioner failed to apply to the Eleventh Circuit Court of Appeals for authorization to file such a second or successive motion to vacate. Id. at 6. On June 24, 2014, the district court adopted the Report and Recommendation and dismissed the action as an unauthorized second or successive § 2255 motion. ECF No. 10.

### E. Claims in Instant § 2241 Petition

The petition states three grounds for relief: (1) that Petitioner "is innocent of the Career Offender designation" and that the Career Offender Guideline no longer applies to him because the two predicate offenses are no longer valid; (2) that Petitioner received

---

[4] Although the order was dated April 21, 2014, the clerk did not docket that order until April 24, 2014. ECF No. 20.

[5] All CM/ECF references in facts section II.D refer to entries in the docket of Civil Action No. 1:14-CV-21453, in the Southern District of Florida.

3

ineffective assistance of counsel for failing to file a direct appeal after being directed to do so; and (3) that Petitioner was incorrectly charged with a violation of 18 U.S.C. § 924(c)(1)(A), and improperly sentenced under the United States Sentencing Guidelines. ECF No. 1 at 5 – 13.  Petitioner concedes that all these claims were previously presented in a § 2255 motion to vacate in the Southern District of Florida, which denied relief on all grounds.  Id. at 14.   Petitioner further concedes he presented the same claims to the district court in a 60(b) motion which was also denied.  Id.  Petitioner also admits that he raised the same issued again in two second and successive § 2255 petitions in the Eleventh Circuit, both of which were denied.  Id.[6]  For relief, Petitioner requests his sentence be vacated, that he be resentenced without the career offender designation, to have his offense level guidelines recalculated "removing the double counting for the same conduct" and the four point enhancement for possession of a firearm in connection with a felony, and an evidentiary hearing concerning his ineffective assistance of counsel argument.  Id. at 15.

### III. LEGAL STANDARDS

**A.      Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4,

---

[6] Petitioner alleges these motions were respectively denied on March 24, 2011, October 30, 2013, and March 2, 2015.  ECF No. 1 at 14.  Although the results reported by Petitioner correspond to the decisions of the district and circuit court, the dates he provides do not correspond with the decisions reached by those courts.

Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Id. at 327.

IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[8]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

6

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

---

States is removed, if the movant was prevented from making a motion by such governmental action;
c.	The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.	The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[9]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner asserts three grounds for relief. First, he contends the Career Guideline no longer applies because Florida's burglary statute is overly broad and indivisible. ECF

8

No. 1 at 5. He asserts ineffective assistance of counsel in ground two and challenges his base offense level in ground three.[10] Id. at 13.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, as to his first ground for relief, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Id. at 714.

---

[10] The undersigned notes that in his third ground Petitioner nominally asserts a challenge to his conviction in his petition. ECF No. 1, at 1. After careful review of the petition, the undersigned concludes that the heart of Petitioner's challenge is to the legality of his sentence, not his conviction. However, to the extent Petitioner is challenging his conviction, even if Petitioner meets the first and third prongs of the Jones test, he does not meet the second prong of the Jones test because the federal crimes for which he was convicted remain a criminal offense. Accordingly, to the extent Petitioner raises a challenge to the validity of his conviction for possession of a firearm in furtherance of a drug trafficking crime, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his conviction on the merits.

9

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[11] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

As to Petitioner's second and third grounds, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that

---

[11] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.

The standard for ineffective assistance of counsel announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), has not changed. As the substantive law regarding ineffective assistance of counsel has not changed, there is nothing to apply retroactively on collateral review, and Petitioner has failed to satisfy the second prong of the <u>Wheeler</u> test as to his second ground for relief. Thus, because Petitioner fails to meet the second requirement of <u>Wheeler</u>, the undersigned need not address the other prongs of the <u>Wheeler</u> test as to ground two.

As to his third ground for relief, to the extent that <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019), invalidated § 924(c), that decision only invalidated the residual clause contained within § 924(c)(3)(B), which is not implicated in Petitioner's sentence. Instead Petitioner's sentence was properly imposed under § 924(c)(1)(A), which remains in effect after <u>Davis</u>. Therefore, Petitioner fails to satisfy the second prong of the <u>Wheeler</u> test. Moreover, as the substantive law regarding § 924(c)(1)(A) has not changed, there is nothing to apply retroactively on collateral review, and Petitioner has failed to satisfy the second prong of the <u>Wheeler</u> test as to his third ground for relief. Accordingly, Petitioner fails to meet the second requirement of <u>Wheeler</u>, and the undersigned need not address the other prongs of the <u>Wheeler</u> test as to ground three.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function

remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 22, 2021

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE